108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald S. JONES, Petitioner-Appellant,
v.
Kurt PETERSON, Superintendent, Respondent,
and
Phil Stanley, Superintendent, Chase Riveland, Director,
Department of Corrections, Respondents-Appellees.
 No. 96-35370.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 20, 1997.
 
 1
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Our Circuit has not decided whether a magistrate judge has jurisdiction to issue a certificate of probable cause, and we do not decide that question now. We have held on several occasions that where an appeal presents a difficult jurisdictional question we may assume jurisdiction if the merits of the appeal are insubstantial. See, e.g., Clow v. U.S. Dep't of Housing & Urban Dev., 948 F.2d 614, 616-17 (9th Cir.1991). We assume jurisdiction over this appeal on that basis.
 
 
 4
 The standard for determining whether habeas relief should be granted in a Section 2254 proceeding is whether the alleged errors "had a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). The untainted evidence of guilt was overwhelming: Jones admitted to having touched the victim, and the testimony of the victim, an eyewitness, and a physician provided the details of the offenses charged. To the extent that constitutional errors occurred, they were not prejudicial and therefore did not rise to the level requiring habeas relief.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3